UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 2:12CR109-PPS |
| | ) | |
| LAMAR D. JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Lamar Johnson, representing himself without an attorney, seeks a compassionate release from prison in view of the COVID-19 pandemic. [DE 62.] Johnson is serving an 11-year sentence on his conviction under the Mann Act for interstate transportation of a minor to engage in prostitution. Johnson's motion, like those of thousands of other federal prison inmates during the COVID-19 pandemic, invokes 18 U.S.C. §3582(c)(1)(A)(i). As amended by the First Step Act, that provision authorizes a defendant to seek a modification of an imposed term of imprisonment upon a showing that "extraordinary and compelling reasons warrant such a reduction."

In his motion, Johnson relies on generalities about the pandemic, claims about inadequate testing at FCI Pekin where he is housed, his claim that a fellow inmate died from COVID-19, and the assertion that Johnson has respiratory problems including asthma that make him particularly vulnerable. Subsequently, Johnson has submitted a

letter in which he advises that he has now tested positive for COVID-19 (during an outbreak in his prison housing unit), and complains about the lack of treatment for his symptoms including shortness of breath. [DE 66.] The government has responded to both of Johnson's filings, and Johnson has filed several replies in which he again reports a lack of therapeutic treatment for his COVID-19 and presents an account of his personal growth while incarcerated.

The First Step Act provides that a sentencing court may reduce a term of imprisonment after considering the factors set forth in section 3553(a) if it finds that "extraordinary and compelling reasons warrant such a reduction" and that such a reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). In other words, the compassionate release statute directs me to consider three elements: (1) whether a reduction is consistent with the factors listed in section 3553(a); (2) whether extraordinary and compelling reasons warrant a sentence reduction; and (3) whether a reduction would be consistent with the Sentencing Commission's policy statements. The government concedes that Johnson has met the administrative exhaustion requirements of §3582(c)(1)(A). [DE 64 at 6.]

A defendant's unusual or extreme vulnerability to COVID-19 might be shown to warrant an early release from imprisonment based on the "extraordinary and compelling" standard. Nevertheless, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its

2

extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020). In order to meet the applicable standard, a prisoner could demonstrate that "his particular institution is facing a serious outbreak of COVID-19 infections, the institution is unable to successfully contain the outbreak, and his health condition places him at significant risk of complications should he contract the virus." *United States v. Melgarejo*, No. 12-cr-20050, 2020 WL 2395982, at *3 (C.D.Ill. May 12, 2020).

Unfortunately, Johnson has contracted the virus before his request for release was fully briefed and could be ruled on. So the landscape of my ruling has changed, and not in a way that supports Johnson's release. Johnson demonstrates no extraordinary and compelling reasons that warrant a reduction of his sentence now. Johnson can no longer be protected from the virus by being released from prison. To release Johnson while he is infectious would create a risk of his transmitting the virus among the public. In his reply, Johnson reports that he is not contagious, but offers no evidentiary support for such a claim. [DE 69 at 3.] Johnson's projected release date is November 11, 2021, so he has roughly one year remaining on his prison term, barring loss of credits for good behavior. Recent research suggests that, after his recovery, Johnson will likely have antibodies that give him immunity from a re-infection for at least 5 to 7 months, and perhaps much longer. *See* https://www.healthline.com/-health-news/how-long-does-immunity-last-after-covid-19-what-we-know (accessed 11/2/2020).

3

In addition to these considerations, the government's reports on Johnson's medical status at FCI Pekin do not support the extraordinary relief of early release. Johnson tested positive on October 9. [DE 68 at 1.] Johnson was provided an inhaler to assist with his breathing difficulties, and has not needed supplemental oxygen at any time since contracting COVID-19. [*Id*. at 1-2.] His temperature has been normal through six measurements since October 20. [*Id.* at 2.] As of October 26, Johnson's temperature and $SaO_2$ levels were normal. [*Id*. at 2.] The record suggests that Johnson is recovering without serious complications from a relatively mild case of COVID-19 infection.

In reply, Johnson devotes most of his rambling 30 pages [DE 66, 69, 70, 71] to a recounting of his difficult childhood, explanations of his past criminal conduct, attestations about his reformation in prison, and complaints about prison conditions. Johnson has not offered evidentiary support for his claims of a pre-existing condition that increases his COVID risks. His complaints about the medical care at FCI Pekin do not contradict the government's assertion that Johnson is recovering from COVID-19 without serious complications.

That Johnson has been infected with the COVID-19 coronavirus while in prison is of course regrettable. But at this juncture Johnson has not shown that extraordinary and compelling reasons exist for shortening his prison sentence and releasing him early, when he has not demonstrated that his case is (or is likely to be) unusually severe, or

4

that releasing him into the community would be an appropriate measure from a public health standpoint or based on the sentencing factors listed in §3553(a).

ACCORDINGLY:

Defendant Lamar D. Johnson's Motion for Time Served or in the Alternative, Request this Court Grant Petition a Compassionate Release [DE 62] is DENIED.

SO ORDERED.

ENTERED: November 17, 2020.

                                       /s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT